(121 So. 499)

STANDARD CORPORATION v. DICKERSON. (8 Div. 727.)

Court of Appeals of Alabama. April 2, 1929.

The question propounded to plaintiff's witness Nelson, in interrogatory No. 7, called for a statement of facts within the knowledge of the witness, and the objection should have been overruled; but the answer to interrogatory No. 8 rendered the error harmless. The whole of interrogatory 7 was answered in response to interrogatory 8.

The word seasonable was a word used in the contract between the parties and its meaning was evident. If the advertisement was "seasonable," that is, in the proper season of the year when the merchandise advertised was usually sold, it was within the time of the contract; if not, the contract was not complied with and the defendant would not be liable. The court's ruling on this testimony was free from error.

Plaintiff's attorney asked defendant: "Did you authorize Mr. Lanier to tell me or to tell Mr. Ford that you were liable for one-half of this claim and would pay that amount?" Objection to this question was properly sustained, calling as it did for a conversation between defendant and his attorney.

There is no error in the record, and the judgment is affirmed.

Affirmed.

Court of Appeals of Alabama. April 2, 1929.

Griffin & Ford, of Huntsville, for appellant.

Lanier & Pride, of Huntsville, for appellee.

SAMFORD, J. There are seven formal assignments of error, all of which relate to rulings of the court on the admission of testimony.

The brief filed on behalf of appellant cites no authority and is little more than a suggestion to the court that it rule on the assignments, which we proceed to do.